IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINCHIMICA S.P.A. | ) |
| | ) |
| Plaintiff, | ) C. A. No.: _____ |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ADAMA MAKHTESHIM LTD., | ) |
| MAKHTESHIM AGAN OF NORTH | ) |
| AMERICA, INC., and CONTROL | ) |
| SOLUTIONS, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Finchimica S.p.A. ("Plaintiff" or "Finchimica"), by its undersigned attorneys, for its Complaint against Defendants, Adama Makhteshim Ltd. (AML), Makhteshim Agan of North America, Inc. (MANA), and Control Solutions, Inc. (CSI) (collectively "Defendants" or "Adama"), hereby alleges as follows:

### NATURE OF ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., for Defendants' infringement of United States Patent No. 8,304,559 ("the '559 Patent" or "Patent-in-Suit").

### PARTIES

2. Plaintiff, Finchimica, is an Italian corporation having a place of business at Via Lazio, 13, I-25025, Manerbio, Brescia, Italy.

3. On information and belief, AML, formerly known as Makhteshim Chemical Works, Ltd. Israel, is an Israeli company. On information and belief, AML manufactures various chemicals including fipronil for sale and use in products around the world, including the United States and this judicial district. On information and belief, AML imports, sells and/or offers to sell

fipronil into the United States for use in products sold throughout the United States and in this judicial district.

4. On information and belief, MANA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3120 Highwoods Boulevard, Raleigh, North Carolina. MANA is registered with the Delaware Secretary of State to do business in the State of Delaware. MANA may be served with process in the State of Delaware through its registered agent, National Registered Agents, Inc., at 160 Greentree Dr, Suite 101, Dover, Delaware 19904. On information and belief, MANA also supplies and distributes insecticides, fungicides and herbicides to marketers and distributors throughout the United States, including in Delaware. On information and belief, MANA is a wholly-owned (indirect) subsidiary or corporate affiliate of AML.

5. On information and belief, CSI is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 5903 Genoa-Red Bluff, Pasadena, Texas. On information and belief, CSI formulates products and markets, distributes and supplies insecticide products throughout the United States, including in Delaware, and through its related entity Quali-Pro. On information and belief MANA owns 67.1% of CSI, and is the registrant at the United States Environmental Protection Agency (EPA) for numerous products marketed, distributed and sold by CSI.

## JURISDICITON AND VENUE

6. This action arises under the Patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

2

8. On information and belief, AML is subject to personal jurisdiction in this district based on its contacts with the United States and this judicial district. On information and belief, AML imports, markets, distributes, offers for sale, and sells, directly or through its corporate affiliates and/or distributors, fipronil-containing products in the United States, including Delaware. On information and belief, AML has registered at least sixteen products with the EPA, including but not limited to, Technical MCW 437 (EPA Reg. 11678-76), which includes 96.5% fipronil. On information and belief, such fipronil is used for manufacturing pesticide products that are distributed throughout the United States and Delaware by, *inter alia*, MANA and/or CSI. On information and belief, AML has contracted with MANA and/or CSI to supply fipronil for products sold and/or offered for sale in Delaware. On information and belief, AML has derived substantial revenue from the sale of these products, which are accused of infringement, and which it places into the stream of commerce for sale within Delaware. On information and belief, AML is subject to personal jurisdiction in Delaware under the Delaware Long-Arm Statute, 10 Del. Code § 3104, because it has engaged in, *inter alia*, continuous and systematic activities in Delaware and as such has submitted itself to the jurisdiction of the Delaware courts.

9. On information and belief, MANA is subject to personal jurisdiction in this district by virtue of its presence in Delaware, having conducted business in Delaware, having availed itself of the rights and benefits of Delaware law such that it should reasonably anticipate being haled into court in this judicial district, having engaged in systematic and continuous contacts with Delaware, and from the receipt of substantial revenue from activities conducted in Delaware. Upon information and belief, MANA has dedicated employees responsible for its business activities in Delaware, such as Stephen Williams.

10. On information and belief, CSI is subject to personal jurisdiction in this district by virtue of having conducted business in Delaware, having engaged in systematic and continuous contacts with Delaware, and from the receipt of substantial revenue from activities conducted in Delaware. Upon information and belief, CSI has dedicated distributors such as United Spray Systems, Inc. in Delaware, which distribute CSI products including those containing fipronil.

## U.S. PATENT NO. 8,304,559

11. On November 6, 2012, the United States Patent and Trademark Office duly and lawfully issued the '559 Patent entitled "Method for the synthesis of 5-amino-1-phenyl-3-cyano-4-trifluoromethyl sulfinyl" to Finchimica S.p.A. as assignee, and Andrea Pastorio and Paolo Betti as inventors. A true and correct copy of the '559 Patent as originally issued is attached hereto as Exhibit A. Claims 13-15 of the '559 patent have been statutorily disclaimed.

12. Finchimica is the assignee of the '559 Patent and has the right to bring suit for infringement and to recover for all past, present and future damages.

13. The '559 Patent relates generally to a process for making fipronil and related compounds. *See* Ex. A. Fipronil is a pesticide used to control many different kinds of insects and pests.

14. The '559 Patent is the subject of a concurrent patent interference proceeding at the United States Patent and Trademark Office (Interference 105,995). Patent Interference 105,995 was suggested by Adama on June 25, 2013; declared by the Patent Trial and Appeal Board on February 6, 2014; and, re-declared on February 28, 2014 (to correct the date associated with certain documents). Interference 105,995 involves the '559 Patent and Adama's pending U.S. Patent Application No. 13/926,389 ('389 Application).

## DEFENDANTS' ACTS OF INFRINGEMENT

15. On information and belief, Adama manufactures fipronil in Israel and ships it to the United States, where it is formulated into pesticide products and/or sold as an active ingredient.

16. Upon information and belief, Adama practices the method claimed the '389 Application to manufacture fipronil, which Adama then imports into the United States and sells and/or offers for sale. The process claimed in the '389 Application infringes at least claim 1 of the '559 Patent.

17. Upon information and belief, Adama imports fipronil made by an infringing process into the United States and formulates the fipronil into insecticidal compositions and markets products containing the same, such as Taurus SC, Taurus F, Broadcast and Fuse. As the active ingredient, fipronil is an essential part of these products and is not materially changed in the formulation process as demonstrated by, *inter alia*, its efficacy as a pesticide.

18. On information and belief, by Adama's manufacture, use, offer to sell, sale and/or distribution of at least the Taurus SC, Taurus F, Broadcast and Fuse products, and bulk fipronil, within the United States, and/or manufacture of fipronil in Israel and other countries and subsequent importation of fipronil into the United States during the term of the '559 Patent, Adama has infringed, is infringing, and will continue to infringe, literally, and/or under the doctrine of equivalents, one or more claims of the '559 Patent including at least claim 1, directly and/or indirectly.

19. Upon information and belief, Adama was aware of the '559 Patent at least as early as August 7, 2013, when it was cited by the United States Patent and Trademark Office against Adama's Patent Application No. 13/809,327. Adama also has knowledge of the '559 Patent at least through the filing of the present lawsuit.

20. Upon information and belief, Adama has knowledge that its manufacturing process for fipronil infringes at least claim 1 of the '559 Patent.

### CLAIM: INFRINGEMENT OF U.S. PATENT NO. 8,304,559

21. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-20 of this Complaint.

22. On information and belief Adama has manufactured and will continue to manufacture products using a method that infringes at least claim 1 of the '559 Patent.

23. On information and belief, Adama has infringed and continues to infringe at least claim 1 of the '559 Patent, pursuant to 35 U.S.C. § 271(g), by the manufacture, use, offer for sale, sale, or importation of products including, but not limited to, fipronil, prior to the expiration of the '559 Patent. On information and belief, the fipronil is not materially changed in any subsequent process, nor is it a trivial or nonessential component of any other product.

24. On information and belief, each of CSI, MANA and/or AML has induced the others under 35 U.S.C. § 271(b) into manufacturing fipronil for importation into the United States using an infringing method, importing, using, offering for sale and selling such fipronil in the United States. On information and belief, Adama has knowledge of the '559 Patent because, *inter alia*, the '559 Patent was cited against an Adama patent application. And on information and belief, Adama knows that AML's manufacturing process for fipronil infringes the '559 Patent. On information and belief, Adama has ordered, purchased and/or requested fipronil despite knowing the process for making such fipronil infringes at least claim 1 of the '559 Patent. Accordingly, each of AML, MANA and CSI is liable for infringement under 35 U.S.C. §271(b) and as a joint tortfeasor.

25. On information and belief, Adama will continue in its infringement of the '559 Patent unless and until it is permanently enjoined by this Court.

26. Plaintiff has suffered irreparable harm as a result of Adama's actions and Plaintiff will continue to suffer irreparable harm unless this Court permanently enjoin Adama, its agents, employees, representatives and all others acting in concert with Adama from infringing the '559 Patent.

27. This case is exceptional and Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 and an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

a. A judgment declaring that Adama has infringed the '559 Patent;

b. A judgment declaring that Adama's making, using, selling, offering to sell, and/or importing of fipronil will infringe one or more claims of the '559 Patent;

c. A permanent injunction enjoining Adama and its officers, directors, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those acting in privity or concert with Adama from directly or indirectly infringing the '559 Patent;

d. A judgment awarding Plaintiff damages in an amount sufficient to compensate Plaintiff for Adama's infringement of the '559 Patent, but not less than a reasonable royalty;

e. A judgment that Adama's infringement was and is willful from the time Adama became aware of the infringing nature of its products and processes, and that the Court award treble damages for the period of such willful infringement of the '559 Patent pursuant to 35 U.S.C. § 284;

f. A judgment awarding prejudgment interest to Plaintiff under 35 U.S.C. § 284;

g. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees, expenses, and costs incurred in this action; and

h. An Order granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues appropriately triable by a jury.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Joseph A. Hynds
Derek F. Dahlgren
607 14th Str., N.W., Suite 800
Washington, DC 20005
(202) 783-6040

Dated: December 23, 2014      *Attorneys for Finchimica S.p.A.*